# IN THE COURT OF APPEALS OF IOWA

No. 16-0691
Filed August 17, 2016

IN THE INTEREST OF A.H.,
        Minor Child,

T.M., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Alan D. Allbee, Associate Juvenile Judge.

A mother appeals the juvenile court order terminating her parental rights.
**AFFIRMED.**

Cory R. Gonzales of Law Office of Cory R. Gonzales, Strawberry Point, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

John J. Sullivan of Sullivan Law Office, Oelwein, guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We determine there is sufficient evidence in the record to support termination of the mother's parental rights. Also, termination of the mother's parental rights is in the child's best interests and none of the exceptions found in Iowa Code section 232.116(3) (2015) should be applied. We affirm the termination of the mother's parental rights.

## I.     Background Facts & Proceedings

T.M., mother, and M.M., father, are the parents of A.H., who was born in 2013.[1]  The child tested positive for methamphetamine at the time of the child's birth and was removed from the mother's care. The mother has a history of mental health and substance abuse problems. The mother's parental rights were initially terminated under Iowa Code section 232.116(1)(g), (h), and (*l*) (2013) on January 17, 2014. On appeal, we reversed the decision of the juvenile court and remanded the case. *In re A.H.*, No. 14-1049, 2014 WL 7339457, at *20 (Iowa Ct. App. Dec. 24, 2014).

The child was not returned to the mother's care as a result of our decision. On February 9, 2015, the juvenile court adjudicated the child to be in need of assistance (CINA) pursuant to section 232.2(6)(c)(2) and (o) (2015). Concerns arose about the mother's use of alcohol, marijuana, and methamphetamine. The mother was participating in services, however, and in August 2015, the juvenile

---

[1]  The father's parental rights were terminated in previous proceedings, and he is not a party to this appeal.

court determined she should be given an additional six months of services to work toward reunification.

In September 2015, the mother again tested positive for marijuana, and a drug test in October was positive for methamphetamine and marijuana. Because of these results, the juvenile court ordered the county attorney to file a petition for termination of parental rights, despite the fact the six-month continuance was still ongoing.

On December 2, 2015, the State filed a petition for termination of the mother's rights. On December 8, 2015, the mother was convicted of obstructing prosecution and malicious prosecution, and she was sentenced to probation. The mother tested positive for marijuana in December 2015 and methamphetamine in January 2016. The juvenile court entered an order on April 7, 2016, terminating the mother's parental rights under section 232.116(1)(g), (h), and (*l*). The court denied the mother's request for additional time for reunification. The court concluded it was in the child's best interests to terminate the mother's parental rights. The mother now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

**III.    Merits**

**A.**    The mother claims there is not sufficient evidence in the record to support termination of her parental rights. The mother's rights were terminated under section 232.116(1)(g), (h), and (*l*). We may affirm on any ground raised before the juvenile court. *In re M.W.*, 876 N.W.2d 212, 221–22 (Iowa 2016).

We determine the juvenile court properly terminated the mother's parental rights under section 232.116(1)(g). This section requires to the court find all of the following:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Iowa Code § 232.116(1)(g).

The child in this case was adjudicated CINA. The mother's parental rights to two of her other children were terminated in March 2013. *See A.H.*, 2014 WL 7339457, at *1. In the previous termination proceeding the court noted the mother was dependent upon methamphetamine, marijuana, and alcohol, and "[s]he ha[d] frequently been able to abstain for months, only to return to drug use." *Id.* The mother continues to exhibit the same problems with substance

abuse as in the earlier termination proceeding. Furthermore, there was evidence the mother was confrontational and noncompliant with social workers. We conclude there is clear and convincing evidence to show the mother lacked the ability or willingness to respond to services that would correct the situation.

The record shows the mother has had an extended period of time to address her problems. She has been involved with the Iowa Department of Human Services for many years. In regard to the child in this case, the mother was given an additional period of time to work on reunification after we reversed the earlier termination, but that time was cut short due to the mother's positive drug tests. We conclude there is clear and convincing evidence in the record to show "an additional period of rehabilitation would not correct the situation." *See* Iowa Code § 232.116(1)(g)(4). We determine there is sufficient evidence in the record to support termination of the mother's parental rights.

**B.** The mother claims termination of her parental rights is not in the child's best interests. As part of her best interests argument, she claims the juvenile court should have decided not to terminate her parental rights based on section 232.116(3)(c). She states termination of her parental rights would be detrimental to the child due to the closeness of the parent-child relationship.

The juvenile court considered the exceptions found in section 232.116(3) and determined they should not apply in this case. As the court noted, the mother's "mental health and substance abuse issues have prevented her from being able to conquer her own problems in order to safely raise children." We determine termination of the mother's parental rights is in the child's best

interests and none of the exceptions found in section 232.116(3) should be applied.

We affirm the decision of the juvenile court.

**AFFIRMED.**